**LOWENSTEIN SANDLER PC**
S. Jason Teele, Esq.
Sharon L. Levine, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> MK Network, LLC, <br><br>         Debtor. | Chapter 11 <br><br> Case No. 11-10859 (___) |
| In re: <br><br> Alliance Clinic, LLC, <br><br>         Debtor. | Chapter 11 <br><br> Case No. 11-10865 (___) |
| In re: <br><br> Avalon Programs LLC, <br><br>         Debtor. | Chapter 11 <br><br> Case No. 11-10879 (___) |

| | |
|---|---|
| In re:<br><br>Cedar Ridge Treatment Center, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 11-10870 (___) |
| In re:<br><br>Center for Health Care Education LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 11-10877 (___) |
| In re:<br><br>Chester Education Group LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 11-10888 (___) |
| In re:<br><br>Insight Interactive Network LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 11-10880 (___) |
| In re:<br><br>InteliMed Communications LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 11-10882 (___) |
| In re:<br><br>Meadow Creek LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 11-10871 (___) |

| | |
|---|---|
| In re: | Chapter 11 |
| MedFinance LLC, | Case No. 11-10886 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| MedKnowledge Communications LLC, | Case No. 11-10878 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| MedKnowledge Group, LLC, | Case No. 11-10875 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| Meridian Behavioral Health LLC, | Case No. 11-10860 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| MES Communications LLC, | Case No. 11-10885 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| MK Global Communications LLC, | Case No. 11-10883 (___) |
| Debtor. | |

| | |
|---|---|
| In re: <br><br> Odyssey Programs LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 11-10872 (___) |
| In re: <br><br> PharMediCom LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 11-10884 (___) |
| In re: <br><br> Tapestry Treatment Center LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 11-10873 (___) |
| In re: <br><br> TCL Institute LLC; <br><br> Debtor. | Chapter 11 <br><br> Case No. 11-10887 (___) |
| In re: <br><br> The Center for Medical Knowledge LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 11-10876 (___) |
| In re: <br><br> Twin Town Treatment Center LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 11-10867 (_____) |

# DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING JOINT ADMINISTRATION OF CASES PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (each, a "**Debtor**" and collectively, the "**Debtors**"), hereby move this Court (the "**Motion**") for entry of an Order, pursuant to 11 U.S.C. § 105(a) and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), directing joint administration of the Debtors' Chapter 11 cases for procedural purposes only. In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. The statutory predicates for the relief sought herein are sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b).

## BACKGROUND

3. On the date hereof, (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

4. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. As of the date hereof, no trustee, examiner or committee has been appointed in these Chapter 11 cases.

6. Information regarding the Debtors' businesses and the events leading to these Chapter 11 cases is set forth in the Affidavit Pursuant to Local Bankruptcy Rule 1007-2

and in Support of the Debtors' Petitions and First Day Motions, filed contemporaneously herewith.

## RELIEF REQUESTED

7. By this Motion, the Debtors seek the joint administration and consolidation of their Chapter 11 cases for procedural purposes only pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b). For the reasons set forth herein, the Debtors believe that, in light of their affiliated status and interrelated business operations, the joint handling of the administrative matters respecting these cases – including, without limitation, the use of a single docket for matters occurring in the administration of the estates and the combining of notices to creditors – will aid in expediting these Chapter 11 cases and rendering their administration more efficient and economical.

## BASIS FOR RELIEF REQUESTED

8. These cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, applications and orders, and thereby save considerable time and expense for the Debtors and their estates. Bankruptcy Rule 1015(b) provides, in relevant part, that:

> [i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

9. Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See In re*

*N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Hemingway Transp.*, 954 F.2d 1, 11 (1st Cir. 1992).[1]

10. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in filing and service of numerous duplicative pleadings. Such duplication of substantially identical documents would be extremely wasteful.

11. Joint administration will permit the Clerk to use a single general docket for all of the above-referenced cases and to combine notices to creditors of each Debtor's estate and other parties in interest. Joint administration will also protect parties in interest by ensuring that parties in interest in each Chapter 11 case will be apprised of the various matters before the Court in the other cases.

12. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases because each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

13. The Debtors also submit that supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee for this District (the "**United States Trustee**") will be simplified.

14. Accordingly, the Debtors submit that joint administration of the above-referenced Chapter 11 cases is in their best interests, as well as the best interests of their creditors and all other parties in interest. The Debtors therefore request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

---

[1] Joint administration should be distinguished from substantive consolidation whereby the assets and liabilities of two or more estates are combined.

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| MK Network LLC, *et al.*,[1] | Case No. 11-10859 (___) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors are: (i) MK Network, LLC and its subsidiaries: MedKnowledge Group, LLC; TCL Institute LLC; Insight Interactive Network LLC; MedKnowledge Communications LLC; InteliMed Communications LLC; MK Global Communications LLC; PharMediCom LLC; MES Communications LLC; Center for Health Care Education LLC; Medfinance LLC; Chester Education Group LLC; and, The Center for Medical Knowledge LLC (collectively, the "**MK Network Debtors**"); and, (ii) Meridian Behavioral Health LLC and its subsidiaries: Avalon Programs LLC; Alliance Clinic LLC; Cedar Ridge Treatment Center LLC; Meadow Creek LLC; Odyssey Programs LLC; Tapestry Treatment Center LLC; and, Twin Town Treatment Center LLC (collectively, the "**Meridian Debtors**" and together with the MK Network Debtors, collectively, the "**Debtors**").

15. The Debtors also request a docket entry, substantially similar to the following, be entered on the dockets of the chapter 11 cases of each of the other Debtors to reflect the joint administration of the chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of this chapter 11 case with the affiliated chapter 11 case captioned, *In re MK Network, LLC*. All further docket entries shall be made in Case No. 11-10859 ( ).

16. Finally, the Debtors seek authority to file the monthly operating reports required by the United States Trustee Operating Guidelines on a consolidated basis, provided that separate allocations of disbursements will be made for each Debtor.

## **NOTICE**

17. Notice of this Motion has been given to (i) the United States Trustee for this District; (ii) counsel to the Debtors' prepetition secured lenders; (iii) the parties listed on the Debtors' twenty (20) largest unsecured creditors; and (iv) all parties that have requested notice in

these cases pursuant to Rule 2002 of the Bankruptcy Rules. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## **NO PRIOR REQUEST**

18. The Debtors have not previously sought the relief requested herein from this or any other Court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

/s/ *S. Jason Teele*_____
Sharon L. Levine, Esq.
S. Jason Teele, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and Debtors in Possession*

Dated: February 28, 2011
New York, New York